IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NEAL HALL a/k/a**                                                  **PETITIONER**
**NEIL ALLEN HALL**
**ADC #089909**

v.                **Case No: 4:22-cv-00457-LPR**

**DEXTER PAYNE,**
*Director, ADC*                                                 **RESPONDENT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 32) and the Petitioner's Objections (Docs. 33–35). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 3) is DENIED, and this case is DISMISSED with prejudice. The Clerk is instructed to close this case.

---

[1] There is one exception, but it does not affect the outcome of the case. With respect to the Failure-to-Appear Judgment, the RD states that, after the Court of Appeals affirmed the judgment, Petitioner "had eighteen calendar days to file a petition for review in the Arkansas Supreme Court." RD (Doc. 32) at 4. On my reading of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, however, it appears that Petitioner had twenty-eight days to file his petition for review in the Arkansas Supreme Court. *Compare* Rule 2-4(a) ("A petition to the Supreme Court for review of a decision of the Court of Appeals must be electronically filed within 10 calendar days after the end of the Court of Appeals rehearing period. The rehearing period ends upon the expiration of time for filing a petition for rehearing under Rule 2-3(a) or upon the disposition of the last pending petition for rehearing, whichever is later."), *with* Rule 2-3(a) ("A petition for rehearing . . . shall be filed within 18 calendar days from the date of decision."). Thus, for purposes of the AEDPA, the one-year habeas limitations period for the Failure-to-Appear Judgment began running on March 27, 2020, and expired on March 27, 2021. Nonetheless, Petitioner's *habeas* petition was filed long after the statute of limitations had expired. And even if—contrary to the persuasive position taken by the RD and adopted herein—the Rule 37 petition could count for tolling purposes, it was only pending for six weeks and would thus not extend the habeas filing window anywhere close to what Petitioner would need for his habeas petition to be timely. *See* RD (Doc. 32) at 3.

IT IS SO ORDERED this 2nd day of September 2025.

                                                                _____
                                                                LEE P. RUDOFSKY
                                                                UNITED STATES DISTRICT JUDGE